Hon. Basil A. Paterson Secretary of State
You request our opinion as to the applicability to appointments to be made by you to the office of notary public of the decision of the New York Court of Appeals in Matter of Gordon, 48 N.Y.2d 266 (1979), which held that the residency requirement for admission to the Bar of the State of New York is unconstitutional as a violation of the Privileges and Immunities Clause of Article IV of the Constitution of the United States.
The Gordon case determined that a nonresident attorney of good character, who while a resident of the State had passed the New York Bar examination but who then moved away from this State prior to his admission to the Bar, could not be refused admission solely on the ground of nonresidency. The Court held that "the right to engage in one's chosen profession" is a fundamental right for purposes of the privileges and immunities clause. (Other fundamental rights so protected and cited by the Court, 48 N.Y.2d at 270, include the right to equal treatment in the courts, the right to own and alienate property, and the right to seek services available in the state.)
The opinion of the Court stated, however, at page 271:
 "This is not to say, of course, that the privileges and immunities clause forbids a State from ever differentiating between residents and nonresidents. Matters which directly implicate its sovereignty,
such as voting (Dunn v Blumstein, 405 U.S. 330) or entitlement to public office (Chimento v Stark, 414 U.S. 802), furnish ready examples of areas in which a State may constitutionally condition eligibility upon residence." (Emphasis supplied.)
A notary public functions in a manner which directly implicates the sovereignty of the State. He receives a "commission" for a definite term which authorizes him to administer oaths and to attest to the authenticity of documents. A notary public is a public officer of the State of New York (People v Rathbone, 145 N.Y. 434 [1895]; Patterson vDepartment of State, 35 A.D.2d 616 [3d Dept, 1970]). Executive Law, § 130 contains the qualifications necessary to qualify for appointment as a notary public, including residency or maintenance of an office in the State.
Based upon the presumption of constitutionality of legislation until a contrary determination is made by a court of competent jurisdiction and based upon the specific statement contained in the Gordon case, quoted above, it is our opinion that the determination in the Gordon case is not applicable to the question of whether you may appoint a nonresident to the public office of notary public of the State of New York. If an applicant for appointment lacks the statutory qualifications, including residence or maintenance of an office in the State, you may not make the appointment.